IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24–cv–02146–SKC–MDB

WILBER HARRIS,

    Plaintiff,

v.

MAKRIS LAW FIRM, P.C., and
LAW OFFICES OF CHRISTOPHER BRADSHAW-HULL,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

    This matter is before the Court on Defendant Law Offices of Christopher Bradshaw-Hull's Motion to Dismiss or, Alternatively, to Transfer Venue. (["Motion to Dismiss" or "Motion"], Doc. No. 16.) Plaintiff filed a response, to which Defendant Bradshaw-Hull replied. (["MTD Response"], Doc. No. 18; ["MTD Reply"], Doc. No. 21.) Additionally, Defendant Makris Law Firm joined Defendant Bradshaw-Hull's Motion in full. (["Joinder"], Doc. No. 35.) The Joinder is fully briefed. ([Joinder Response"], Doc. No. 36; ["Joinder Reply"], Doc. No. 37.)

    After careful review, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED** as to both Defendants.

### *PRO SE* SUMMARY

    An out-of-state defendant must have sufficient contacts with the State of Colorado before that defendant can be required to appear in a Colorado court. Here, your Complaint does

not establish that Defendants had sufficient contacts with Colorado. It is not enough that they represented you while you lived in Colorado. The Court therefore recommends dismissing your case for lack of personal jurisdiction. This dismissal is without prejudice, meaning you can re-file the case in the appropriate district court, if you choose. This is only a high-level summary of the Court's Recommendation. The full Recommendation, including information about your right to object to it, is set forth below.

## BACKGROUND

Plaintiff initiated this action on August 1, 2024. (Doc. No. 1.) Plaintiff alleges he hired Defendants Bradshaw-Hull and Makris Law Firm on or around July 7, 2020 to provide legal services related to a medical malpractice case in Houston, Texas. (*Id*. at 3 ¶ 7.) Plaintiff alleges that on or around August 3, 2022, Defendant Bradshaw-Hull entered into a settlement agreement with the hospital for $85,000, without consulting or obtaining consent from Plaintiff. (*Id*. at 7 ¶ 11.) Plaintiff claims Defendant Bradshaw-Hull failed to return Plaintiff's calls and emails, and he therefore only learned of the settlement agreement on August 5, 2022. (*Id*. at 12-13 ¶¶ 22-23.) Plaintiff also asserts that Defendant Bradshaw-Hull did not inform Plaintiff of "an upcoming evidentiary hearing"[1] with the Southern District of Texas in a timely manner, which caused Plaintiff "to be blindsided by any and all questioning asked in this hearing." (*Id*. at 11 ¶ 18.) Based on these alleged facts, Plaintiff brings claims for (i) breach of fiduciary duty; (ii) legal malpractice; and (iii) breach of contract (*Id*. at 13-14 ¶¶ 25-36.)

---

[1] Based on the transcript excerpts provided in the Complaint, it appears the evidentiary hearing was—at least in part—related to a motion to compel or enforce the settlement agreement. (*See* Doc. No. 1 at 11 ¶ 18.)

Defendant Bradshaw-Hull filed the instant Motion on December 4, 2024, arguing Plaintiff's case should be dismissed for lack of jurisdiction and improper venue. (Doc. No. 16.) Defendant Makris Law Firm filed its Joinder in support of the Motion on April 29, 2025. (Doc. No. 35.)

## LEGAL STANDARDS

I.  Federal Rule of Civil Procedure 12(b)(2)

"The purpose of a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure is to determine whether the Court has personal jurisdiction." *J.L. v. Best W. Int'l, Inc.*, 521 F. Supp. 3d 1048, 1058 (D. Colo. 2021). "Because a court without jurisdiction over the parties cannot render a valid judgment, [the court] must address Defendants' personal jurisdiction argument before reaching the merits of the case." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). "The plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Behagen v. Amateur Basketball Ass'n of the United States*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010 (1985). To carry the burden at this stage, "plaintiffs need only make a *prima facie* showing of personal jurisdiction." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citing *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)). "The plaintiff may make this *prima facie* showing by demonstrating, via affidavit or other written materials," including the well-pleaded allegations of a complaint, "facts that if true would support jurisdiction over the defendant." *OMI Holdings*, 149 F.3d at 1091; *J.L.*, 521 F.Supp. 3d at 1058.

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the

exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999). "Colorado's long arm statute is coextensive with constitutional limitations imposed by the due process clause. Therefore, if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident defendant." *Day v. Snowmass Stables, Inc.*, 810 F.Supp. 289, 291 (D.Colo. 1993). Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction. General jurisdiction exists when a defendant maintains "continuous and systematic general business contacts" in the state. *J.L.*, 521 F.Supp. 3d at 1059 (citing *OMI Holdings*, 149 F.3d at 1091). On the other hand, "[s]pecific jurisdiction is present where the defendant has purposefully directed its activities at the residents of the forum and the litigation results from injuries that arise out of or relate to those activities." *J.L.*, 521 F.Supp. 3d at 1059 (citing *Soma Med., Inc.*, 196 F.3d at 1298).

## II.   *Pro Se* Plaintiff

In applying the above principles, this Court is mindful that Plaintiff proceeds *pro se* and thus affords his papers and filings a liberal construction. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 F.3d 855, 864 n.1 (10th Cir. 2019). But the Court cannot and does not act as his advocate, *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019), and applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Requena v. Roberts*, 893 F.3d 1195,

1205 (10th Cir. 2018); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

Defendants argue this case should be dismissed because (i) Plaintiff's claims are subject to the arbitration provision contained in the parties' legal services agreement; (ii) the Court lacks personal jurisdiction over Defendants; (iii) venue is improper; and (iv) Plaintiff has not filed a certificate of review against Defendants, as required under C.R.S. § 13-20-602. (Doc. No. 16 at 1-2; Doc. No. 35 at 1.) The Court begins by addressing personal jurisdiction. *See Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (noting a court may address personal jurisdiction before subject matter jurisdiction).

### I. Personal Jurisdiction

Defendants argue Plaintiff has not met his burden of showing that this Court has general or specific personal jurisdiction over Defendants. (*See* Doc. No. 16 at 9-13; Doc. No. 35 at 1-2.) The Court agrees.[2]

### A. General Personal Jurisdiction

"General jurisdiction requires that a defendant have contacts with the forum 'so continuous and systematic as to render [it] essentially at home in the forum State.'" *J.L.*, 521

---

[2] To the extent Plaintiff argues that the Court previously adjudicated all jurisdiction questions, (*see* Doc. No. 18 at 9), he is incorrect. The Court's discharge of its Order to Show Cause, (Doc. No. 6), merely permitted the mater to move forward at that time, but it was not a determination of jurisdiction. And while the Court noted that "Defendants are not precluded from challenging venue upon their appearance in this action," (Doc. No. 9), that statement was not intended to preclude Defendants from moving for dismissal on other grounds. To the contrary, the fact that the Court raised venue concerns *sua sponte*—and expressly permitted Defendants to make related challenges—tends to support the conclusion that Defendants lack sufficient contacts with the forum.

5

F.Supp. 3d at 1069 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). In the case of a corporate defendant (like Defendant Makris)[3], "[t]he 'paradigm' forums in which a corporate defendant is 'at home,' ... are the corporation's place of incorporation and its principal place of business." *Id*. (citing *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017)).

Plaintiff does not allege in his Complaint, nor argue in his Responses, that either Defendant is "at home" in Colorado. Indeed, Plaintiff alleges that Defendants are citizens of Texas. (*See* Doc. No. 1 at 2 ¶ 5.) In stark contrast, Defendant Bradshaw-Hull submitted an affidavit attesting that the firm has no place of business, offices, employees, or agent for process in Colorado, and that the firm's sole attorney, Mr. Bradshaw-Hull, has never lived, worked, or owned property in Colorado.[4] (*See* ["Bradshaw-Hull Affidavit"], Doc. No. 16-1.) *See also TH Agric. & Nutrition, L.L.C. v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007) (noting a court may consider affidavits in determining if it has personal jurisdiction over a defendant). In short, Plaintiff has failed to make a *prima facie* showing that Defendants are subject to general personal jurisdiction in Colorado.

### B. Specific Personal Jurisdiction

---

[3] Defendant Bradshaw-Hull contends that it is not a corporation, as Mr. Bradshaw-Hull is the sole owner of the firm. (*See* Doc. No. 21 at 7.)

[4] Where a party does not provide a supporting affidavit, the court must simply accept all of Plaintiff's allegations as true. *See Goode v. Gaia, Inc.*, No. 20-cv-00742-DDD-KLM, 2021 WL 9793708, at *2 (D. Colo. July 16, 2021), *report and recommendation adopted sub nom. Goode v. High*, No. 20-cv-00742-DDD-KLM, 2021 WL 9793662 (D. Colo. Aug. 12, 2021). Here, Defendant Makris did not submit a separate affidavit. However, it appears Defendant Makris fully incorporated the facts contained in the Bradshaw-Hull Affidavit. (*See generally* Doc. No. 53.) But in any event, the burden remains on Plaintiff to establish jurisdiction and here, Plaintiff's Complaint does not contain any allegations establishing personal jurisdiction over either Defendant.

Specific personal jurisdiction is present only if the lawsuit "aris[es] out of or relat[es] to the defendant's contacts with the forum." *J.L.*, 521 F.Supp. 3d at 1070 (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017)). This analysis is two-pronged. "First, the Court must determine whether defendant has such minimum contacts with Colorado that defendant 'should reasonably anticipate being haled into court' here." *Id*. (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). For this prong, "the Court must determine whether defendant purposefully directed its activities at residents of the forum, and whether plaintiff's claims arise out of or results from 'actions by ... defendant ... that create a substantial connection with the forum State.'" *Id*. (internal citation omitted) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)) (quoting *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 109 (1987)). "Second, if defendant's actions create sufficient minimum contacts, the Court must consider whether the exercise of personal jurisdiction offends 'traditional notions of fair play and substantial justice.'" *Id*. (quoting *Asahi*, 480 U.S. at 113).

Here, the Complaint contains no allegations that either Defendant purposefully directed its activities towards Colorado. At most, Plaintiff alleges that Defendants entered into a legal services agreement with Plaintiff after Plaintiff had moved to Colorado. (*See* Doc. No. 1 at 3 ¶ 7.) But a contract alone does not subject a non-resident defendant to the jurisdiction of the subject forum. *See Burger King*, 471 U.S. at 473.

Plaintiff's arguments in his Responses, fare no better. Plaintiff argues Defendant Bradshaw-Hull engaged in activities directed towards Colorado when it (i) mailed a settlement check and non-disclosure agreement to Plaintiff in Colorado; (ii) contacted Plaintiff by phone regarding representation; and (iii) had Plaintiff execute the legal services agreement in Colorado.

7

(*See* Doc. No. 18 at 5-7.) Similarly, Plaintiff argues Defendant Makris established sufficient contacts with Colorado by (i) taking a case involving a Colorado resident; and (ii) having knowledge of Defendant Bradshaw-Hull's alleged breach of contract. (*See* Doc. No. 36 at 2; 4-5.) The Tenth Circuit has found similar activities to be insufficient to confer jurisdiction. *See, e.g., Far W. Cap., Inc. v. Towne*, 46 F.3d 1071, 1076 (10th Cir. 1995) ("It is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts."); *Newsome v. Gallacher*, 722 F.3d 1257, 1280 (10th Cir. 2013) ("[A]n out-of-state attorney working from out-of-state . . . does not purposefully avail himself of the client's home forum's laws and privileges."); *Hydraulics Unlimited Mfg. Co. v. B/J Mfg. Co.*, 323 F. Supp. 996, 1001 (D. Colo.), *aff'd*, 449 F.2d 775 (10th Cir. 1971) ("[W]e do not think the mere existence of a contract executed by a Colorado resident . . . is sufficient to confer personal jurisdiction over an absent nonresident defendant.").

Moreover, the mere fact that Plaintiff himself lives in Colorado, does not mean either Defendant purposefully directed its activities toward Colorado. While "a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff," a defendant's relationship with the plaintiff, "standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). A defendant's relationship with the forum state must instead "arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id*. at 284 (quoting *Burger King*, 471 U.S. at 475) (emphasis in original). In other words, "the plaintiff cannot be the only link between the defendant and the forum." *Id*. at 285. Here, the only connection between the instant lawsuit and Colorado, is that Plaintiff happens to live in

8

Colorado. Plaintiff has therefore failed to make a *prima facie* showing that specific personal jurisdiction exists over Defendants. *OMI Holdings*, 149 F.3d at 1091.

***

Because Plaintiff has not met his burden of demonstrating that this Court has personal jurisdiction over Defendants, the Court recommends that this case be dismissed.[5]

## CONCLUSION

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendant Bradshaw-Hull's Motion to Dismiss (Doc. No. 16) be **GRANTED**, Plaintiff's claims against Defendants Bradshaw-Hull and Makris Law Firm be **DISMISSED without prejudice**,[6] and this case be **CLOSED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will

---

[5] Defendants also argue that Plaintiff's claims are subject to arbitration in Harris County, Texas. (Doc. No. 16 at 4.) To the extent Defendants seek to compel arbitration of Plaintiff's claims, the Court finds it lacks the authority to do so. *See Ansari v. Qwest Comm'ns Corp.*, 414 F.3d 1214, 1219-20 (10th Cir. 2005) (holding that "where the parties agreed to arbitrate in a particular forum, only a district court in that forum has authority to compel arbitration."). The Court further notes that Defendants are correct in asserting that Colorado is not the proper venue for this action. In any event, the Court need not decide this issues.

[6] A dismissal based on lack of subject matter jurisdiction should be without prejudice. *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002).

not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 14th day of August, 2025.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge