IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-02146-SKC-MDB

WILBER HARRIS, JR,

    Plaintiff,

v.

MAKRIS LAW FIRM, PC, *et al.*,

    Defendants.

---

## ORDER

---

According to the Complaint, on July 7, 2020, Plaintiff Wilber Harris entered into a legal agreement with Defendant Makris Law Firm and the Law Offices of Christopher Bradshaw-Hull. Under the agreement, Defendants would represent Plaintiff in a medical malpractice lawsuit that arose from Plaintiff's aortic dissection repair, which was performed in Houston, Texas. According to the pleadings, Defendants settled that lawsuit for $85,000, without Plaintiff's permission.

Plaintiff filed this action on August 1, 2024, asserting claims for breach of fiduciary duty, legal malpractice, and breach of contract. Dkt. 1. Defendants filed a Motion to Dismiss arguing *inter alia* lack of personal jurisdiction. Dkt. 16. In the alternative, Defendants requested this matter be transferred to the Southern District of Texas. *Id*.

1

The Court referred Defendants' Motion to Magistrate Judge Maritza Dominguez Braswell, and on August 14, 2025, Judge Dominguez Braswell issued her Recommendation that Defendants' Motion be granted and this case be dismissed in its entirety, without prejudice. Dkt. 38. Plaintiff has objected, and although Defendants have not yet responded, the Court concludes it has sufficient information to address the objections now. Having reviewed the Complaint, Motion, Recommendation, and Objection, the Court agrees with Judge Dominguez Braswell's thorough and well-reasoned conclusion that the Court lacks personal jurisdiction over these Defendants. Accordingly, the Court AFFIRMS and ADOPTS the Recommendation with the modifications shared below.

## LEGAL STANDARDS

"'The filing of objections to a [magistrate judge's] report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute,' and gives the district court an opportunity 'to correct any errors immediately.'" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (cleaned up; citations omitted). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the [Magistrates] Act . . . ," including judicial efficiency. *Id.* at 1060. "[A]llowing parties to litigate fully their case before the magistrate [judge] and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates

Act." *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (citation omitted).

The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *One Parcel*, 73 F.3d at 1060; *see also* Fed. R. Civ. P. 72(b)(2). "Objections disputing the correctness of the magistrate judge's recommendation, but failing to specify the findings believed to be in error are too general" and may result in a waiver of the objections. *Kazarinoff v. Wilson*, No. 22-cv-02385-PAB-SKC, 2024 WL 98385, at *2 (D. Colo. Jan. 9, 2024) (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished)). And "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (cleaned up) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

When no party files an objection, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). ("It does not appear that Congress intended to require district court review of a

3

[magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

## ANALYSIS

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Plaintiff timely filed his objection on August 27, 2025. Dkt. 41. Because he is not represented by counsel, the Court has liberally construed Plaintiff's objections and related filings but has done so without acting as his advocate.

### A.    Personal Jurisdiction

In her Recommendation, Judge Dominguez Braswell conducted a thorough analysis of whether Plaintiff had established general or specific jurisdiction such that hailing Defendants into court in this district would comport with due process. Following a discussion of the personal jurisdiction requirements in conjunction with Plaintiff's allegations, she concluded Plaintiff had failed to make a *prima facie* showing that the Court had jurisdiction over Defendants. Dkt. 38, pp.5-8. She then recommended that this case be dismissed without prejudice to Plaintiff refiling in the appropriate jurisdiction. *Id.* at p.9.

In his Objection, Plaintiff discusses the reasons he believes this Court does have personal jurisdiction over Defendants including that they (1) communicated with Plaintiff while he was in Colorado; (2) entered a contract to represent Plaintiff

in his lawsuit; and (3) produced documents and performed other tasks to assist Plaintiff in his lawsuit. Dkt. 41, pp.3-5. But these are the same arguments Plaintiff made in his opposition to Defendants' Motion to Dismiss. Dkt. 36, pp.4-6. Further, Judge Dominguez Braswell addressed these contentions carefully in her recommendation. Ultimately, Plaintiff's arguments amount to little more than a dispute as to the correctness of the magistrate judge's conclusion, which is not sufficient to warrant *de novo* review. *Kazarinoff*, 2024 WL 98385, at *2.

In the absence of specific objections, the district court reviews the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b). The Court has reviewed the Recommendation accordingly and concludes that it is thorough, well-reasoned, and a correct application of the facts and law. Consequently, this Court OVERRULES Plaintiff's objection and ADOPTS Judge Dominguez Braswell's analysis and conclusion that this Court lacks personal jurisdiction over either Defendant.

### B.    Transfer to the Southern District of Texas

28 U.S.C. § 1631 provides a court lacking jurisdiction shall, if it is in the interest of justice, transfer an action or appeal to any other court where the action could have been brought at the time it was filed or noticed. To determine whether a transfer would be in the interest of justice, the Court may consider factors such as

5

whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or rather, it was clear at the time of the filing that the court lacked proper jurisdiction. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Plaintiff asserts claims for breach of fiduciary duty, breach of contract, and legal malpractice. Dkt. 1. Under Texas law, Plaintiff's claims for breach of fiduciary duty and contract are governed by a four-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.004 (a)(1) (contract), (a)(5) (fiduciary duty). Based on the allegations in the Complaint, it is not apparent these claims would be barred if filed anew in Texas. The statute of limitations for legal malpractice claims, however, is two years. *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1988). And because Plaintiff contends he discovered Defendant's alleged malpractice on August 5, 2022, his claim may be barred if he is required to begin this case again. *Trousdale v. Henry*, 261 S.W.3d 221, 234 (Tex. App. 2008) ("[T]he statute of limitations for legal malpractice actions does not begin to run until the claimant discovers . . . the facts establishing his cause of action.").

With respect to the remaining factors, the Court must prioritize caution and respect of jurisdictional boundaries when determining whether claims are meritorious when jurisdiction is lacking. That said, at least with respect to Plaintiff's allegations that Defendants accepted a settlement offer without his permission, the Court finds his allegations support at least a colorable argument for professional

6

malpractice. Nevertheless, the Court defers final judgment on this factor to the appropriate forum that meets the proper jurisdictional requirements. And the Court finds that Plaintiff filed his claims in good faith. While Judge Dominguez Braswell's analysis makes clear the lack of proper jurisdiction, the Court is not convinced the issue was so clear at the time Plaintiff brought this action to find his filing lacking in good faith, particularly considering his pro se status.

When presented with the opportunity to dismiss or transfer a case to the proper forum, transfer is the preferred course. § 3827 Transfer to Proper Venue or Dismissal Under 28 U.S.C.A. § 1406(a), 14D Fed. Prac. & Proc. Juris. § 3827 (4th ed.). Based on the above-analysis, and in the interest of fairness, justice, and respect for the forum that does in fact have proper jurisdiction over this matter, the Court will transfer this matter to the Southern District of Texas for the final determination of Plaintiff's claims.

*     *     *

For the reasons shared above, the Court OVERRULES Plaintiff's Objections to the Recommendation. The Court AFFIRMS and ADOPTS Judge Dominguez Braswell's Recommendation as modified.

IT IS FURTHER ORDERED that the Clerk of Court shall transfer this case to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

DATED: September 5, 2025.

BY THE COURT:

_____
S. Kato Crews
United States District Judge